## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ALAN J. TREINISH, BANKRUPTCY | : | |
| TRUSTEE FOR THE CHAPTER 7 | : | |
| BANKRUPTCY ESTATE OF DONNESHA V. | : | |
| HOUSTON, | : | Case No.   1:17-cv-1371 |
| | : | |
| Plaintiff, | : | |
| | : | Judge _____ |
| vs. | : | |
| | : | |
| | : | |
| BORROWERSFIRST, INC. | : | |
| | : | |
| Defendant. | : | |
| | : | |

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1441 and 1446, 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a), defendant BorrowersFirst, Inc. ("BFI") hereby removes this action from the Court of Common Pleas of Cuyahoga County, Ohio, Case No. CV-17-880985, to the United States District Court for the Northern District of Ohio, Eastern Division.  In support of this Notice of Removal, BFI avers as follows:

### Procedural History and Plaintiff's Allegations

1.      Plaintiff Alan J. Treinish, Trustee for the Chapter 7 Bankruptcy Estate of Donnesha V. Houston, ("Treinish") filed this action on May 30, 2017, in the Cuyahoga County Court of Common Pleas, Case No. CV-17-880985.

2.      According to the Cuyahoga County Clerk of Court's Case Information system, the summons upon BFI was served on June 1, 2017.  A copy of the Complaint and Summons, which constitute the "initial pleadings," is attached hereto as Exhibit 1.

3.      Treinish alleges he was appointed as the Chapter 7 case trustee for the bankruptcy estate of Donnesha V. Houston ("Houston").  (Compl., ¶ 6.)  According to Treinish, BFI called Houston's cellular telephone after she revoked her consent to receive calls from BFI.  (*Id.*, ¶ 11.) Treinish claims that these calls violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Ohio Consumer Sales Practices Act, Oh. Rev. Code § 1345.01, *et seq.*

### Grounds for Removal

4.      Pursuant to 28 U.S.C. § 1441(a), removal is proper with respect to "any civil action brought in a State court of which the district courts of the United States have original jurisdiction. . . ."

5.      Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6.      The TCPA, which forms the basis of two claims in Treinish's Complaint, is a federal statute found at 47 U.S.C. § 227, *et seq.*  Therefore, removal of this action is proper on the basis of federal question jurisdiction.

7.      Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other

claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

8.     Treinish's state law claim is based on the same allegations as his federal claims and, therefore, "form part of the same case or controversy" such that supplemental jurisdiction is proper.

### The Procedural Requirements for Removal Have Been Satisfied

9.     BFI is the sole defendant in this action and has the power, found in 28 U.S.C. § 1441(a), to remove it to "the district court of the United States for the district and division embracing the place where such action is pending."

10.     Cuyahoga County is within the Eastern Division of the United States District Court for the Northern District of Ohio.

11.     This Notice of Removal has been filed within thirty days after receipt by BFI of a copy of the Complaint.

12.     After filing this Notice of Removal, BFI will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the Cuyahoga County Court of Common Pleas, in accordance with 28 U.S.C. § 1446(d).

13.     True and correct copies of all process, pleadings and orders served on the defendants in the action pending in the Cuyahoga County Court of Common Pleas are attached hereto as Exhibit 1.

**Non-waiver of Defenses**

14.     By removing this action from the Cuyahoga County Court of Common Pleas, BFI does not waive any defenses available to it.

15.     By removing this action from the Cuyahoga County Court of Common Pleas, BFI does not admit any of the allegations in Treinish's Complaint.

WHEREFORE, defendant BorrowersFirst, Inc. removes the above-captioned action from the Cuyahoga County Court of Common Pleas to the United States District Court for the Northern District of Ohio.

Respectfully submitted,

/s/ Loriann E. Fuhrer
Loriann E. Fuhrer          (0068037)
KEGLER, BROWN, HILL & RITTER, LPA
65 East State Street, Suite 1800
Columbus, OH  43215
Telephone:  (614) 462-5400
Facsimile:  (614) 464-2634
lfuhrer@keglerbrown.com
*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the forgoing NOTICE OF REMOVAL was filed electronically via the Court's ECF system and a copy served upon the following counsel of record to this action, by electronic mail and by regular U.S. Mail, postage prepaid, this 28th day of June, 2017:

Matthew L. Alden, Esq.
Paul S. Kuzmickas, Esq.
Luftman, Heck & Associates LLP
2012 West 25th St., Suite 701
Cleveland, OH  44113-4131

*Attorneys for Plaintiff*

/s/ Loriann E. Fuhrer
Loriann E. Fuhrer